UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
NANCY RIVERA, : Index No. 11 cv 4805 (CBA) (RML)
:
Plaintiff, :
:
- against - :
:
GEOLOGISTICS AMERICAS, INC. AND AGILITY :
LOGISTICS CORP., :
:
Defendants. :
:
------------------------------------------------------------------ x

FILED

JUN 20 2012

## [~~PROPOSED~~] ORDER APPROVING SETTLEMENT AGREEMENT

AND NOW, this __19__ day of __June__, 2012, upon consideration of Plaintiff Nancy Rivera and Defendant Agility Logistics Corp., f/k/a Geologistics Americas, Inc.'s Joint Application for Approval of Settlement Agreement (the "Application"), it is hereby ORDERED that the Settlement Agreement, attached as Exhibit 1 to the Application, resolving, *inter alia*, Plaintiff's claims against Defendant for violations of the Fair Labor Standards Act, is approved.

s/CBA
_____
CHIEF JUDGE CAROL BAGLEY AMON
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
NANCY RIVERA,                                : Index No. 11 cv 4805 (CBA) (RML)
                                             :
                    Plaintiff,               :
                                             :
         - against -                         :
                                             :
GEOLOGISTICS AMERICAS, INC. AND AGILITY      :
LOGISTICS CORP.,                             :
                                             :
                    Defendants.              :
                                             :
------------------------------------------------------------------ x

## JOINT APPLICATION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Nancy Rivera ("Ms. Rivera"), by her attorney, Lee Nuwesra, Esq., and Defendant Agility Logistics Corp., formerly known as Geologistics Americas, Inc., ("Agility" or "Defendant"), by its attorneys, Bryan Cave LLP, hereby respectfully request that this Court enter an order approving the annexed settlement agreement between them. As grounds for this joint application, Ms. Rivera and Agility state as follows:

1.    On or about October 3, 2011, Ms. Rivera commenced this action by filing a Complaint against Agility. In the Complaint, Ms. Rivera alleged violations by Agility of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2.    On December 7, 2011, Agility filed an Answer to the Complaint. In its Answer, Agility denied Ms. Rivera's allegations that it had violated the FLSA and the NYLL. Agility asserted 17 affirmative defenses in its answer.

3.    An initial conference was held in this action on February 6, 2012 before Magistrate Judge Levy. Thereafter, the parties commenced discovery. Ms. Rivera served document requests and noticed four depositions of Defendant. Defendant served written

responses, objections and documents in response to Ms. Rivera's requests. Defendant also served document requests upon Ms. Rivera.

4. Independent of this action, on or about October 5, 2011, Ms. Rivera commenced a separate action against Agility in the District of New Jersey, Case Number 11-5801. In that action, Ms. Rivera asserted claims against Agility alleging employment discrimination based upon her age and gender. Ms. Rivera alleged retaliatory termination claims against Agility in both lawsuits.

5. On March 8, 2012, Agility filed an Answer to the complaint in the New Jersey action. In its Answer, Agility denied Ms. Rivera's claims of discrimination. Agility asserted 21 affirmative defenses.

6. While Agility categorically denies any wrongdoing or liability to Ms. Rivera, the parties engaged in settlement discussions to resolve both lawsuits without incurring additional litigation expenses.

7. On or about June 5, 2012, the parties agreed to the Settlement Agreement and Release, attached hereto as Exhibit 1 (the "Settlement Agreement"). The Settlement Agreement provides that Agility shall pay Ms. Rivera $42,500.00 in exchange for Ms. Rivera dismissing both lawsuits with prejudice and releasing Agility from all potential claims.

8. Because Ms. Rivera brought claims in this lawsuit under the FLSA, the settlement requires judicial approval to be effective. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945). Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See, e.g., Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143 (ENV) (RER), 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011); *Khalit v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *7 (E.D.N.Y. Jan. 20, 2010). Settlements of FLSA

claims should be approved where the proposed settlement reflects a reasonable compromise over contested issues. *Id.*

9. The settlement in this case meets the standard for approval. The settlement was the result of contested litigation – in two separate actions in different federal courts – and arm's length negotiation. The settlement also reflects a reasonable compromise over contested issues. Through the settlement, Agility is paying an amount equal to approximately ten and one-half months of Ms. Rivera's salary.

WHEREFORE, Ms. Rivera and Agility respectfully request that the Court enter an order in the form of the proposed order attached as Exhibit 2 to approve the Settlement Agreement.

Dated: New York, New York
June 14, 2012

LAW OFFICES OF LEE NUWESRA

By: /s/ Lee Nuwesra
Lee Nuwesra
1623 Unionport Road, Suite 101
Bronx, New York 10462
Tel: (718) 942-4294
Fax: (718) 942-4295
lnuwesra@optonline.net

*Attorneys for Plaintiff*

BRYAN CAVE LLP

By: /s/ Scott H. Kaiser
Zachary A. Hummel
Scott H. Kaiser
1290 Avenue of the Americas
New York, New York 10104
Phone: (212) 541-2000
Facsimile: (212) 541-4630
zahummel@bryancave.com
scott.kaiser@bryancave.com

*Attorneys for Defendant*

## AGREEMENT AND RELEASE

This GENERAL RELEASE and AGREEMENT ("Agreement") is entered into this 5 day of June, 2012, by and between: NANCY RIVERA ("Plaintiff") and AGILITY LOGISTICS CORP., FORMERLY KNOWN AS GEOLOGISTICS AMERICAS, INC., ("Defendant" or "Agility").

WHEREAS, disputes have arisen among Plaintiff and Defendant regarding the allegations set forth in the Complaint in two actions brought by Plaintiff against Defendant: (i) an action pending in the United States District Court for the Eastern District of New York, bearing Docket Number 11-cv-4805, entitled *Nancy Rivera v. Geologistics America, Inc. and Agility Logistics Corp.* (the "New York Action") and (ii) an action pending in the United States District Court for the District of New Jersey, bearing Docket Number 11-5801, entitled *Nancy Rivera v. Agility Logistics Corp.* (the "New York Action") (collectively, the "Actions"); and

WHEREAS, in the Complaint filed in the New York Action, Plaintiff asserted claims against Defendant alleging violations of the Fair Labor Standards Act and the New York State Labor Law, and in the Complaint filed in the New Jersey Action, Plaintiff asserted claims against Defendant alleging employment discrimination based on her age and gender, and Plaintiff alleged retaliatory termination claims in both Actions; and

WHEREAS, Defendant has categorically denied any wrongdoing or liability to Plaintiff; and

WHEREAS, based on the release and other covenants set forth herein, Agility is willing to pay to Plaintiff the consideration provided herein which is substantially greater than any amount that Plaintiff otherwise would have been entitled to receive from Agility in consideration of receiving from Plaintiff the benefits contained in this Agreement, including but not limited to the discontinuance with prejudice of the Actions referred to above and the release of any and all claims which Plaintiff has asserted or could have asserted against Defendant based upon any act or omission from the beginning of time to date (the "Claims"); and

WHEREAS, Plaintiff, in exchange for the consideration provided in this Agreement, is desirous and willing to execute the Release, voluntarily dismisses the Actions, and agrees to such other obligations as provided in this Agreement;

NOW THEREFORE, in consideration of the promises, mutual covenants, understanding and agreements contained in this Agreement, and other good and valuable consideration the receipt and sufficiency of which are acknowledged by the parties, and to settle all of Plaintiff's Claims as provided in this Agreement, it is agreed by and between the parties as follows:

1. Within 10 business days following the approval of this Agreement by the United States District Court for the Eastern District of New York, as set forth in paragraph 9 below, Agility shall pay Plaintiff the gross amount of $42,500.00, as follows:

C047892\033419911675934.3

Page 3 of 10 received on 6/5/2012 12:19:13 PM [Eastern Daylight Time] for 5411375.

(a) The amount of $25,000.00 shall be made by a check payable to "Nancy Rivera" and delivered to the office of Plaintiff's attorney, Lee Nuwesra, Esq., 1623 Unionport Road, Suite 101, Bronx, New York 10462. This payment is conditioned upon Defendant's receipt from Plaintiff of a fully executed Form W-9 indicating Plaintiff's social security number. This payment will be reported on a Form 1099 issued to Plaintiff.

(b) The amount of $17,500.00 shall be made by separate check made payable to - "Lee Nuwesra, Esq." and delivered to the office of Plaintiff's attorney, Lee Nuwesra, Esq., 1623 Unionport Road, Suite 101, Bronx, New York 10462. This payment is conditioned upon Defendant's receipt from Lee Nuwesra, Esq. of a fully executed Form W-9 indicating Lee Nuwesra, Esq.'s tax identification number. This payment will be reported on a Form 1099 issued to Lee Nuwesra, Esq.. Other than the payment described in this paragraph 1(b), Lee Nuwesra, Esq. hereby releases Defendant from any and all claims for attorneys' fees that it or Plaintiff has or may have against Defendant.

**PARAGRAPH 2 BELOW PROVIDES A COMPLETE RELEASE AND WAIVER OF ALL EXISTING AND POTENTIAL CLAIMS YOU MAY HAVE AGAINST EVERY PERSON AND ENTITY INCLUDED BELOW. BEFORE YOU SIGN THIS AGREEMENT, YOU MUST READ THIS PARAGRAPH 2 CAREFULLY AND MAKE SURE THAT YOU UNDERSTAND IT FULLY.**

2. Plaintiff, in consideration of the benefits and payments described in this document, releases and discharges: (a) Agility and its current and former parents, subsidiaries, and affiliates; (b) Agility's current and former directors, officers, employees (including but not limited to each and every supervisor of Plaintiff), agents, successors, or assigns; and (c) all employee benefit plans of Agility or any of its current and former parents, subsidiaries, and affiliates, any trusts and other funding vehicles established in connection with any such plans, and any members of committees established under the terms of any such plans; (collectively, the "Released Parties"), from any and all actions, causes of action, claims, allegations, demands, rights, obligations, liabilities, grievances, or charges (including, without limitation, any charge that was filed by Plaintiff with the Equal Employment Opportunity Commission (the "EEOC") or could have been filed with the New Jersey Civil Rights Commission, the New York State Division of Human Rights or New York City Commission on Human Rights, whether known or unknown, from the beginning of time until the date this Agreement becomes effective, including but not limited to: (i) those arising out of, or relating to, Plaintiff's employment, resignation or termination of employment, or concerning events that occurred during Plaintiff's employment with Agility; (ii) for compensation or bonuses, including any claim for an award under any compensation plan or arrangement maintained by Agility (except that this release shall not apply to any vested right that Plaintiff may have with respect to Agility's 401(k) plan); (iii) for wrongful, constructive, or unlawful discharge, sexual or any form of unlawful harassment, discrimination, retaliation, breach of express or implied contract, fraud, fraudulent inducement (including inducement to enter into this Agreement), intentional or negligent misrepresentation, whistleblowing, defamation, conversion, invasion of privacy, negligence, violation of public policy, interference with contractual, business or prospective relations, assault, battery, intentional or negligent infliction of emotional distress, negligent supervision, negligent hiring, identity theft, unjust enrichment, and any other common law cause of action, whether arising in contract or tort; (iv) for back pay, front pay, benefits, attorneys' fees, emotional distress, pain and

2    *(LN)*

C047892\033419\1675934.3

suffering, other compensatory damages of any type, or punitive or exemplary damages; (v) for violations of the Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1991, 42 U.S.C. § 1981, the Employee Retirement Income Security Act, the Worker Adjustment Retraining and Notification Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Labor Management Relations Act, the Sarbanes Oxley Act of 2002, any claims under New Jersey State or local laws including, but not limited to, claims arising under the New Jersey Law Against Discrimination, the Conscientious Employee Protection Act, or the New Jersey Family Leave Act, including all amendments to any of the aforementioned acts, or any claims under New York State or local laws including, but not limited to, claims arising under the New York State Human Rights Law, the New York City Human Rights Law, New York State Labor Law, and the Codes, Rules and Regulations of the State of New York; and (vi) for violations of any other federal, state, or local laws, including but not limited to violations of any fair employment statutes or other law, rule, regulation, or ordinance pertaining to employment, wages, compensation, hours worked, or any other aspect of Plaintiff's relationship with Agility. In addition, in consideration of the provisions of this Agreement, Plaintiff agrees to waive any and all rights under the laws of any jurisdiction in the United States, or any other country, that limit a general release to those claims that are known or suspected to exist in a Plaintiff's favor as of the date of this Agreement. For purposes of the ADEA only, Plaintiff does not waive any rights or claims that may truly arise after the Effective Date of this Agreement.

3. Plaintiff expressly understands and acknowledges that it is possible that unknown losses or claims exist in her favor or that present losses may have been underestimated in amount or severity, and Plaintiff explicitly took that into account in determining the amount of consideration to be paid for the giving of this Agreement, and a portion of said consideration and the mutual covenants herein were given in exchange for a full satisfaction and discharge of such claims.

4. Plaintiff represents and warrants that with the exception of the lawsuits and EEOC administrative charge referenced above, she has not filed any civil action, suit, arbitration, or legal proceeding against Defendant nor has she assigned, pledged, hypothecated or transferred her claims including, without limitation, any claim for attorneys' fees, to any person and no other person has an interest in the claims that she is releasing in this Agreement. Plaintiff represents and warrants that she has not filed an administrative charge against Defendant with any other administrative agency, including the New Jersey Civil Rights Commission, the New York State Division of Human Rights and the New York City Commission on Human Rights, or if Plaintiff has filed such an administrative charge, the charge has been withdrawn prior to the date Plaintiff is executing this Agreement. Except for Plaintiff's right to bring a proceeding pursuant to the Older Workers Benefit Protection Act to challenge the validity of the release and waiver of claims pursuant to the ADEA contained in paragraph 2 of this Agreement, and consistent with the EEOC Enforcement Guidance On Non-Waivable Employee Rights Under EEOC-Enforced Statutes, dated April 11, 1997, and otherwise to the fullest extent permitted by law, Plaintiff agrees not to commence, maintain, prosecute or participate as a party in any action or proceeding in any court or arbitration forum against the Released Parties with respect to any act, omission, transaction or occurrence up to and including the date of the execution of this Agreement.



3

C047892\033419\1675934.3

5.  Plaintiff further represents and warrants that she has not filed any claim for disability benefits under any applicable short or long-term disability insurance policies relating to her employment with Agility and Plaintiff agrees that she will not file any such claim in the future.

6.  Plaintiff agrees that Plaintiff, through counsel, will execute and deliver to Defendant's counsel, contemporaneous with the signing of this Agreement, a Stipulation of Dismissal in the form annexed as Exhibit A hereto, voluntarily dismissing and withdrawing the New York Action and any and all rights of appeal thereto, with prejudice. Plaintiff also agrees that she will execute and deliver to Defendant's counsel, contemporaneous with the signing of this Agreement, a Stipulation of Dismissal in the form annexed as Exhibit B hereto, voluntarily dismissing and withdrawing the New Jersey Action and any and all rights of appeal thereto, with prejudice. Plaintiff consents to Defendant's filing the Stipulations of Dismissal in the Actions on or after the date Defendant disburses the settlement payments set forth in paragraph 1.

7.  Plaintiff further agrees that should any person or entity file or cause to be filed any civil action, suit, arbitration, administrative charge, or legal proceeding seeking equitable or monetary relief in connection with any aspect of Plaintiff's relationship with Defendant, or any other matter relating to the claims released by paragraph 2 of this Agreement, Plaintiff will not cooperate with such person, except as required by law, or seek or accept any personal relief from, or as the result of, such civil action, suit, arbitration, administrative charge, or legal proceeding.

8.  Defendant does not have, and shall not have in the future, any obligation to provide Plaintiff or her counsel with any payments (including payments for attorneys' fees), benefits, or consideration other than the payments recited in this Agreement. Plaintiff recognizes that her employment relationship with Agility has been permanently and irrevocably severed and agrees not to seek, apply for, or accept employment with Agility or any of its parents, subsidiaries, or affiliates in the future. Plaintiff agrees and acknowledges that if she seeks or applies for employment with Agility or any of its parents, subsidiaries, or affiliates in the future, this paragraph 8 will be a legitimate, non-discriminatory, reason to deny her employment. Plaintiff agrees and acknowledges that if she accepts employment with Agility or any of its parents, subsidiaries, or affiliates in the future, this paragraph 8 will be a legitimate, non-discriminatory, reason to terminate her employment.

9.  Plaintiff and Defendant agree that after the Effective Date, set forth in Paragraph 21 below, they will jointly submit this Agreement to the United States District Court for the Eastern District of New York to obtain approval of this Agreement in the New York Action.

10. Plaintiff agrees that she shall keep strictly confidential the existence and terms of this Agreement as well as the facts relating to Plaintiff's claims against Defendant or any of its current and former employees. Notwithstanding the foregoing, Plaintiff may discuss the facts surrounding her separation from employment in connection with future employment; any unemployment insurance claim; and the like. Further, Plaintiff shall and hereby does instruct her attorney to keep the foregoing information as a client confidence or secret, and her attorney acknowledges this instruction. Nothing herein shall create a relationship of privity between

4

C047892\0334199\1675934.3

Plaintiff's counsel and any person besides Plaintiff. This provision does not preclude Plaintiff from disclosing the fact of this Agreement and the amount of money paid pursuant to its terms to her spouse, legal advisors, financial advisors and tax preparers to the extent necessary, provided that any person to whom such information is conveyed agrees to keep the information confidential. Notwithstanding the foregoing, Plaintiff and Defendant agree that this Agreement may be filed with the United States District Court for the Eastern District of New York in the New York Action for the purpose of obtaining approval of this settlement.

11. Plaintiff agrees that, except as may be required by law, she shall not make any oral or written negative, disparaging or adverse statements, suggestions or representations of or concerning Defendant. Plaintiff agrees that, in the event she breaches this paragraph 11, in addition to all other remedies that Defendant may have, Defendant may recover the payments made pursuant to paragraph 1 of this Agreement from Plaintiff. Defendant agrees that if it receives any inquiries concerning Plaintiff's employment by Defendant, Defendant will respond solely by providing Plaintiff's dates of employment, title, and pay rate.

12. Plaintiff understands and agrees that if the United States Internal Revenue Service or any other taxing agency or authority (collectively referred to as the "IRS") determines that any portion or all of the amount referenced above in paragraph 1 is taxable as income and Defendant should have withheld or paid taxes on this amount, Plaintiff shall indemnify Defendant and pay any and all penalties levied against Defendant or Plaintiff, any interest assessed or due thereon, and any and all other monies owed due to Defendant's failure to withhold taxes from this amount. If Defendant makes any payment to the IRS because Plaintiff does not, then Plaintiff promises to pay to Defendant on demand all amounts that Defendant paid to the IRS. Plaintiff agrees that Defendant shall have the right to take whatever legal steps are necessary to secure from Plaintiff all amounts paid on her behalf, and that Plaintiff shall indemnify Defendant for any costs or expenses whatsoever, including reasonable attorneys' fees, incurred in enforcing Plaintiff's obligations under this provision.

13. This Agreement may not be changed orally; it may only be changed by a writing. Defendant's failure to enforce any provisions of this Agreement shall not constitute waiver of its rights under this Agreement.

14. This Agreement does not constitute an admission by any party and it will not be offered or used for that purpose. Instead, it is a settlement compromise of a dispute that has arisen between the parties.

15. This Agreement shall inure to the benefit of the parties and shall be binding upon each of the parties and their assigns, successors, heirs, and representatives.

16. Neither party is relying upon any representation, understanding, undertaking, or agreement relating to the subject matter of this Agreement which is not set forth in this Agreement, and each party expressly disclaims any reliance on any such representation, understanding, undertaking, or agreement. This Agreement constitutes the sole and complete understanding and agreement between the parties. Any and all prior discussions or agreements between Defendant and Plaintiff have been merged into this Agreement.

5

C047892\0334199\1675934.3

17. If any provision of this Agreement and Release is determined by a court of competent jurisdiction to be unenforceable, then when possible, consistent with the purpose of this Agreement, any such invalid provision may be reformed, and as reformed, enforced.

18. All aspects of this Agreement, including but not limited to its construction and enforcement, shall be governed by New York law without regard to conflict of laws principles. Plaintiff submits to and recognizes the jurisdiction of the courts of the State of New York or the Federal District Court for the Eastern District of New York, over any action or other proceeding arising out of or in connection with this Agreement, or over the terms of any continuing obligation to Defendant.

19. No party is a prevailing party in this matter and, except as expressly provided in this Agreement, each party will bear its own costs and attorneys' fees.

20. This Agreement may be executed and delivered in two or more counterparts, each of which when so executed and delivered shall be an original.

21. Plaintiff agrees and acknowledges that:

(a) She (i) has been advised by Defendant to consult with an attorney before executing this Agreement concerning the meaning and significance of the terms of this Agreement, and (ii) has had an adequate opportunity (i.e., at least twenty-one (21) days) to review this Agreement and all of its terms and to consider whether to sign this Agreement; and

(b) She has the right to revoke this Agreement within the seven (7) day period following the execution of this Agreement (the "Revocation Period") and any revocation shall be made by providing notice in writing, that has been executed and delivered personally or by fax (212-541-4630) to Scott Kaiser, Bryan Cave LLP, 1290 Avenue of the Americas, New York, New York 10104, before the expiration of the Revocation Period.

(c) Upon expiration of the seven (7) day period without revocation by Plaintiff, this Agreement becomes final and binding, in its entirety (the "Effective Date").

(d) Notwithstanding anything to the contrary contained herein, this Agreement will not be effective or enforceable, and the payments provided for in paragraph 1 are not required and shall not be delivered or paid, until Plaintiff has delivered a signed, notarized original of this Agreement to the attorneys for Defendants, Bryan Cave LLP, attn. Scott Kaiser, 1290 Avenue of the Americas, New York, New York 10104, and the Revocation Period has expired without revocation of this Agreement.

{Remainder of Page Intentionally Blank}

6

C047892\0334199\1675934.3

Page 8 of 10 received on 6/5/2012 12:19:13 PM [Eastern Daylight Time] for 5411375.

22. By her signature below, Plaintiff agrees that she understands all of the terms of this Agreement, and agrees that such terms are fair, reasonable and are not the result of any fraud, duress, coercion, pressure or undue influence exercised by or on behalf of any of the Released Parties; and has agreed to and entered into this Agreement and all of its terms, knowingly, freely and voluntarily.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement and Release.

X _____          AGILITY LOGISTICS CORP.
Nancy Rivera

_____           By: _____
Notary Public                                                            6/5/12

LEE NUWESRA, ESQ.                        BRYAN CAVE LLP

By: _____        By: _____
Lee Nuwesra    6-5-2012                       Scott H. Kaiser
                                                                              6/12/12

7

C04789210334199\1675934.3

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NANCY RIVERA,                              :    Index No. 11 cv 4805 (CBA) (RML)
                                           :
                        Plaintiff,         :
                                           :    STIPULATION OF
        - against -                        :    DISMISSAL WITH PREJUDICE
                                           :
GEOLOGISTICS AMERICAS, INC. AND            :
AGILITY LOGISTICS CORP.,                   :
                                           :
                        Defendants.        :
------------------------------------------------------------x

Plaintiff Nancy Rivera and Defendants Geologistics Americas, Inc. and Agility Logistics Corp. hereby STIPULATE, pursuant to Fed. R. Civ. P. 41(a)(1)(ii) that:

1.  Plaintiff's claims are dismissed with prejudice, and this case is to be closed by the Clerk of the Court.

2.  Each party is to bear its own costs and fees, and no party is a prevailing party in this action.

3.  This stipulation may be executed in counterparts and exchanged via facsimile or electronic mail.

Dated: May 25, 2012

LAW OFFICES OF LEE NUWESRA

By: _____
       Lee Nuwesra
1623 Unionport Road, Suite 101
Bronx, New York 10462
(718) 942-4294

*Attorneys for Plaintiff*

BRYAN CAVE LLP

By: _____
       Scott H. Kaiser
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

*Attorneys for Defendants*

C0478921033419911675934.2

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------x
NANCY RIVERA,                           :  Civil Action No. 11-5801 (FSH)
                                        :  (MAH)
                    Plaintiff,          :
                                        :
    - against -                         :  STIPULATION OF
                                        :  DISMISSAL WITH PREJUDICE
AGILITY LOGISTICS CORP.,                :
                                        :
                    Defendant.          :
---------------------------------------x

Plaintiff Nancy Rivera and Defendant Agility Logistics Corp. hereby STIPULATE, pursuant to Fed. R. Civ. P. 41(a)(1)(ii) that:

1. Plaintiff's claims are dismissed with prejudice, and this case is to be closed by the Clerk of the Court.

2. Each party is to bear its own costs and fees, and no party is a prevailing party in this action.

3. This stipulation may be executed in counterparts and exchanged via facsimile or electronic mail.

Dated: May 25, 2012

By: /s/ Nancy Rivera
Nancy Rivera
595 Autumn Avenue
Brooklyn, New York 11208
(718) 827-0985

*Plaintiff pro se*

BRYAN CAVE LLP
By: /s/ Scott H. Kaiser
Scott H. Kaiser
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

*Attorneys for Defendant*

C04789203341991675934.2